UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

TYROSH BROWN,

                Plaintiff,                Case No. 1:10-cv-732

v.                                                 Honorable Robert Holmes Bell

CITY OF GRAND RAPIDS, et al.,          **REPORT AND RECOMMENDATION**

                Defendants.
_____/

This is a civil rights action brought *pro se* by a state prisoner under 42 U.S.C. § 1983. This lawsuit arises from a traffic stop in the City of Grand Rapids, Michigan, on July 17, 2009. Plaintiff filed his *pro se* complaint against Officer Matthew Ungrey and Grand Rapids on July 28, 2010. Plaintiff alleges that he was subjected to sexual assault and the use of excessive force during the course of the stop. No discernible allegations were made against Grand Rapids. Plaintiff seeks an award of punitive damages in the amount of $500,000,000 from Grand Rapids, and $50,000,000 from Officer Ungrey. The matter is now before the court on defendants' February 28, 2010 motion for judgment on the pleadings, (docket # 21), which was converted by order of the court into a motion for summary judgment. (docket # 24). For the reasons stated herein, I recommend that defendants' motion for summary judgment be granted in part and denied in part.

**Applicable Standards**

A.  **Failure to State a Claim**

This court assesses a Rule 12(c) motion for judgment on the pleadings under the same standard as a Rule 12(b)(6) motion to dismiss. *See Fritz v. Charter Twp. of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010). Rule 12(b)(6) authorizes the dismissal of a complaint for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). Under Rule 8(a)(2) of the Federal Rules of Civil Procedure a complaint must provide "'a short and plain statement of the claim showing that the pleader is entitled to relief' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)(quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957) and FED. R. CIV. P. 8(a)(2)). While this notice pleading standard does require not require "detailed" factual allegations, it does require more than the bare assertion of legal conclusions. *See Twombly*, 550 U.S. at 555; *Center for Bio-Ethical Reform, Inc. v. Napolitano*, No. 10-1439, ___ F.3d ___, 2011 WL 3330114, at * 3 (6th Cir. Aug. 4, 2011).

Generally, when considering a Rule 12(b)(6) motion to dismiss, the court must construe the complaint in the light most favorable to plaintiff, accept the plaintiff's factual allegations as true, and draw all reasonable factual inferences in plaintiff's favor. *See Total Benefits Planning Agency, Inc. v. Anthem Blue Cross & Blue Shield*, 552 F.3d 430, 434 (6th Cir. 2008). "[C]ourts 'are not bound to accept as true a legal conclusion couched as a factual allegation.'" *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*,

550 U.S. at 555; *see Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1951 (2009); *Albrecht v. Treon*, 617 F.3d 890, 893 (6th Cir. 2010). Courts are not required to conjure up unpleaded allegations, nor accept unwarranted factual inferences. *See Total Benefits Planning*, 552 F.3d at 434. "To survive a motion to dismiss, [plaintiff] must allege 'enough facts to state a claim to relief that is plausible on its face.'" *Traverse Bay Area Intermediate Sch. Dist. v. Michigan Dep't of Educ.*, 615 F.3d 622, 627 (6th Cir. 2010)(quoting *Twombly*, 550 U.S. at 570); *see Center for Bio-Ethical Reform, Inc.*, 2011 WL 3330114, at * 3.

*Pro se* pleadings are held to a less stringent standard than formal pleadings drafted by licensed attorneys. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011). However, even the lenient treatment generally given *pro se* pleadings has its limits. *See Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991). "A plaintiff must 'plead [] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Albrecht*, 617 F.3d at 893 (quoting *Iqbal*, 129 S. Ct. at 1949). "A plaintiff falls short if []he pleads facts 'merely consistent with the defendant's liability' or if the alleged facts do not 'permit the court to infer more than the mere possibility of misconduct[.]'" *Albrecht*, 617 F.3d at 893 (quoting *Iqbal*, 129 S. Ct. at 1949, 1950); *Center for Bio-Ethical Reform, Inc.*, 2011 WL 3330114, at * 3.

"Assessment of the facial sufficiency of the complaint must ordinarily be undertaken without resort to matters outside the pleadings." *Rondigo L.L.C. v. Twp. of Richmond*, 741 F.3d 673, 680 (6th Cir. 2011). "If a court does consider material outside the pleadings, the motion to dismiss must be treated as a motion for summary judgment under Rule 56 and all parties must be given a reasonable opportunity to present all material pertinent to the motion." *Id.* Under this rule, the court

determined it was necessary to convert defendants' motion into a motion for summary judgment. (docket # 24). Absent conversion of a motion to dismiss, the court's ability to consider material outside the pleadings is significantly restricted. *Rondigo*, 641 F.3d at 681. When considering whether to grant a Rule 12(c) or 12(b)(6) motion, the court primarily considers the complaint's allegations, but *may* also take into account "exhibits attached to the complaint, public records, items appearing in the record of the case and exhibits attached to defendant[s'] motion to dismiss so long as they are referred to in the complaint and are central to the claims contained therein. . . ." *Rondigo*, 641 F.3d at 681 (emphasis added); *see Amini v. Oberlin College*, 259 F.3d 493, 502 (6th Cir. 2001); *Poly-Flex Const., Inc. v. Neyer, Tiseo & Hindo, Ltd.*, 582 F. Supp. 2d 892, 901 (W.D. Mich. 2008). Matters of public record include pleadings, orders and other papers on file in another action pending in the court, records or reports of administrative bodies, or the legislative history of laws, rules or ordinances, as long as the facts noticed are not subject to reasonable dispute. *Pakootas v. Teck Cominco Metals, Ltd.*, 632 F. Supp.2d 1029, 1032 (E.D. Wash. 2009) (citing *Intri-Plex Techs., Inc. v. Crest Group, Inc.*, 499 F.3d 1048, 1052 (9th Cir. 2007)); *accord River Village West, LLC v. Peoples Gas Light & Coke Co.*, 618 F. Supp.2d 847, 850 (N.D. Ill. 2008) (on Rule 12(c) or 12(b)(6) motion, "the court may take judicial notice on matters of public record") (citing *United States v. Wood*, 925 F.2d 1580, 1581-82 (7th Cir. 1981)).

  **B. Summary Judgment Standard**

Summary judgment is appropriate when the record reveals that there are no genuine issues as to any material fact in dispute and the moving party is entitled to judgment as a matter of

law.[1] FED. R. CIV. P. 56(a); *Griffin v. Hardrick*, 604 F.3d 949, 953 (6th Cir. 2010). The standard for determining whether summary judgment is appropriate is "whether 'the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" *Moses v. Providence Hosp. Med. Centers, Inc.*, 561 F.3d 573, 578 (6th Cir. 2009) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986)); *see Pluck v. BP Oil Pipeline Co.*, 640 F.3d 671, 676 (6th Cir. 2011). The court must consider all pleadings, depositions, affidavits, and admissions on file, and draw all justifiable inferences in favor of the party opposing the motion. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Bletz v. Gribble*, 641 F.3d 743, 757 (6th Cir. 2011). When the party without the burden of proof seeks summary judgment, that party bears the initial burden of pointing out to the district court an absence of evidence to support the nonmoving party's case, but need not support its motion with affidavits or other materials "negating" the opponent's claim. *See Morris v. Oldham County Fiscal Court*, 201 F.3d 784, 787 (6th Cir. 2000); *see also Minadeo v. ICI Paints*, 398 F.3d 751, 761 (6th Cir. 2005). *Am. Civil Liberties Union of Ohio Found., Inc. v. Deweese*, 633 F.3d 424, 428 (6th Cir. 2011) ("[A] party seeking summary judgment always bears the initial responsibility of informing the [court] of the basis for its motion, and identifying the portions of the 'pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact.") (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)). Once the movant shows that "there is an absence of evidence to support the nonmoving party's case," the nonmoving party has the burden of coming forward with evidence

---

[1] "The standard for granting summary judgment remains unchanged" under the amendments to Rule 56 that went into effect on December 1, 2010. *See* FED. R. CIV. P. 56 advisory committee note (2010 amendments).

raising a triable issue of fact. *Celotex*, 477 U.S. at 323. To sustain this burden, the nonmoving party may not rest on the mere allegations of his pleadings. *See Everson v. Leis*, 556 F.3d 484, 496 (6th Cir. 2009). The motion for summary judgment forces the nonmoving party to present evidence sufficient to create a genuine issue of fact for trial. *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1478 (6th Cir. 1990). "A mere scintilla of evidence is insufficient; 'there must be evidence on which a jury could reasonably find for the [non-movant].'" *Dominguez v. Correctional Med. Servs.*, 555 F.3d 543, 549 (6th Cir. 2009) (quoting *Anderson*, 477 U.S. at 252); *see LaQuinta Corp. v. Heartland Properties LLC*, 603 F.3d 327, 335 (6th Cir. 2010).

## **Proposed Findings of Fact**

Plaintiff and defendants agree that on July 17, 2009, Officer Matthew Ungrey pulled plaintiff over in a traffic stop. (Ex. 1, docket # 1-1, ID #s 7, 8). Defendant Ungrey claims this stop was prompted by the "very dark window tint on both the front driver and passenger windows." (*Id.*). Plaintiff contends that the stop was unwarranted. (Compl., docket # 1, ¶¶ 1-2). Plaintiff pulled into a driveway, at which point Officer Ungrey approached. Ungrey alleges seeing plaintiff move in such a manner that "he appeared to be quickly hiding something near the center console area." (Ex. 1, docket # 1-1, ID # 8). Defendant checked plaintiff's license, and asked for his proof of insurance and registration. (*Id.*). Both parties agree that plaintiff searched unsuccessfully for his proof of insurance and registration, remaining mute to questions asked by defendant Ungrey. (*Id.*).

Defendant Ungrey asked plaintiff to step out of the car. When plaintiff did not comply, Ungrey informed him he would vacate the car voluntarily or by force, which prompted plaintiff's acquiescence. (*Id.*). Defendant claims he asked plaintiff for permission to search his

person, was met with silence, and proceeded to conduct a superficial *Terry* frisk of plaintiff's person in search of weapons. (*Id.*). Plaintiff alleges he was seized by defendant Ungrey upon exiting the vehicle, had his pants pulled violently upwards, and was forced against the car. (Compl., docket # 1, ¶ 4). Plaintiff further alleges that Ungrey roughly searched plaintiff, "sexually assaulting him [plaintiff] hitting and squeezing the plaintiff in his testicles extremely hard and violently" and then "chopped up the crack of the plaintiff (*sic*) ass very hard and violently multiple times and said don't you like that?" (*Id.*).

Both versions of events reunite with defendant Ungrey placing plaintiff in the back of his squad car to allow a colleague, "Officer Collard," to search the area of a driver's immediate control within plaintiff's car. (Ex. 1, docket # 1-1, ID # 8). Ungrey performed a file check on plaintiff and discovered he was on parole, and attempted to contact plaintiff's parole agent. (*Id.*). Defendant Ungrey noted in his report that plaintiff's failure to answer his questions was a parole violation and that he wished to have it treated accordingly. (*Id.*).

Plaintiff subsequently filed an unverified complaint on July 27, 2010. The only exhibit of evidence attached was an incident report written by defendant Ungrey and adopted by defendant's brief as a statement of the facts. (docket # 22, ID # 71).

Defendants filed a motion for judgment on the pleadings on February 28, 2011. (docket # 21). The only evidence attached to the supporting brief consists of state-court records[2] showing that plaintiff was found liable, by default, on civil infractions for an equipment violation (tinted windows) and a traffic violation (failure to secure a child in a car seat). (docket # 22-1, ID

---

[2] Although the court records are not certified or supported by an authenticating affidavit, plaintiff voiced no objection as to the authenticity or admissibility of defendants' exhibits. FED. R. CIV. P. 56(c)(2).

#s 96-103). By order of the court, this motion was converted to a motion for summary judgment because of defendants' reliance on exhibits outside the pleadings. (docket # 24). Plaintiff subsequently replied with a one-paragraph amendment which purports to break down the $500,000,000 he seeks in damages from Grand Rapids. (docket # 25).

### Discussion

**1.  Defendant Matthew Ungrey**

    A.  <u>Motion for Judgment on the Pleadings</u>

Officer Ungrey seeks judgment on the pleadings, asserting that the complaint fails to state a claim against him. Plaintiff appears to challenge virtually every aspect of the officer's encounter with him, including Ungrey's decision to stop him in the first place, Ungrey's decision to "frisk" him, the level of force used, and the search of plaintiff's car. On the face of the complaint and attachments, plaintiff fails to state a claim against Ungrey on any claim except that for excessive force.

The officer's decision to stop plaintiff is unassailable. The attachment to plaintiff's complaint, which the court may properly consider on a Rule 12(c) motion, indicates that the officer stopped plaintiff's vehicle because it had very dark tint on the windows, an ordinance violation. An officer may legitimately stop a vehicle on probable cause that a traffic violation has occurred. *Whren v. United States*, 517 U.S. 806, 810 (1996); *United States v. Bradshaw*, 102 F.3d 204, 210 (6th Cir. 1996). This undisputed fact insulates the stop itself from Fourth Amendment scrutiny.[3]

---

[3] Even if plaintiff had pleaded a viable claim arising from the stop, the state-court records provided by defendants would entitle them to summary judgment. These documents show that plaintiff was found liable by default on a civil infraction involving tinted windows. This evidence shifted to plaintiff the burden of producing proof sufficient to raise a triable issue on the existence

In a related allegation, plaintiff asserts that the decision to stop him amounted to racial profiling. Plaintiff pleads no facts in support of this conclusory allegation. A complaint must allege sufficient factual matter to state a claim that is plausible on its face; legal conclusions do not suffice. *Iqbal*, 129 S. Ct. at 1949-50; *Center for Bio-Ethical Reform, Inc.*, 2011 WL 3330114, at * 3. Plaintiff's unadorned accusation of racial profiling fails to meet this pleading standard.

Plaintiff's claim that Ungrey used excessive force in connection with a search and seizure arises under the Fourth Amendment. All claims that officers used excessive force in connection with an arrest or investigative stop must be analyzed under the Fourth Amendment's "objective reasonableness" standard. *Graham v. Connor*, 490 U.S. 386, 395 (1989). Plaintiff's complaint clearly alleges a seizure triggering the Fourth Amendment's protections, that is, an officer's exercise of force or show of authority that "in some way restrained the liberty of a citizen." *Graham*, 490 U.S. at 395 n.10. "When a police officer accosts an individual and restrains his freedom to walk away, he has 'seized' that person." *Terry v. Ohio*, 392 U.S. 1, 16 (1968). Plaintiff here alleges that he was ordered from his car by threat of force and that the officer searched his person. These facts, accepted as true, establish a seizure. No reasonable person in these circumstances would have felt the "liberty to ignore the police presence and go about his business." *Kaupp v. Texas*, 538 U.S. 626, 629 (2003).

The reasonableness of the force used by the officer is judged by the totality of the circumstances, including the severity of the crime at issue, whether the suspect poses an immediate threat, and whether the suspect was actively resisting or attempting to evade arrest. *See Slusher v.*

---

of probable cause to effect a traffic stop. Plaintiff has produced nothing. Therefore, Ungrey would be entitled to summary judgment on this claim in any event.

*Carson*, 540 F.3d 449, 455 (6th Cir. 2008). Plaintiff's allegations, which must be accepted as true in this context, indicate that the officer stopped him for an apparent traffic violation, became belligerent when plaintiff could not instantly produce his registration, demanded that he leave his car under threat of violence, and then aggressively searched his person, "squeezing the plaintiff in his testicles extremely hard and violently." (Compl. at 2). He also alleged that the officer "chopped the crack" of plaintiff's buttocks multiple times. (*Id.*). The totality of the circumstances, as alleged by plaintiff, do not indicate an objectively reasonable use of force by the officer.

In support of his motion to dismiss, Ungrey asserts that the allegations of sexual assault are "vacuous statements not entitled to the presumption of truth." (Brief, docket # 22, at ID # 88). Rather, defendant argues that the court must ignore plaintiff's specific allegations of sexual assault and presume instead that the officer engaged in a "run-of-the-mill *Terry* patdown -- nothing more." (*Id.*). Defendant cites no authority in support of this frivolous argument. In deciding a motion to dismiss, it is not the function of the court to weigh the evidence or evaluate credibility. To the contrary, the court must accept factual allegations as true. *See Iqbal*, 129 S. Ct. at 1949. Although the court need not credit conclusory allegations, it is impossible to so characterize plaintiff's specific assertion that the officer squeezed his testicles without justification and repeatedly chopped his buttocks. Plaintiff alleges that Officer Ungrey asked "Don't you like that?" as he committed the alleged assault, which lends support to an inference that the officer was doing more than a routine search. Despite defense counsel's argument (unsupported by any affidavit or other evidence from the officer), there is no reason on the present record to conclude that the officer merely made incidental contact with the plaintiff's genitals in conducting a routine search. Defense counsel's argument falls below the standards of advocacy for members of the Bar of this court and

is an invitation to commit egregious error. A court simply may not make credibility determinations on a motion to dismiss.

The allegations in plaintiff's complaint, accepted as true, show a routine traffic stop based on probable cause of a traffic violation. Viewing the circumstances from a reasonable officer's point of view, a *Terry* pat-down was arguably lawful. So was a protective search of plaintiff's automobile, as plaintiff was never arrested and the officer was thereafter entitled to assure himself that he was not in danger from a gun. *See Arizona v. Gant*, 129 S. Ct. 1710, 1721 (2009). The complaint discloses no facts or circumstances, however, that would have justified the alleged squeezing of plaintiff's testicles or striking forcefully his buttocks, under an "objective reasonableness" standard. Plaintiff has therefore alleged a viable Fourth Amendment claim for the use of excessive force in connection with an investigatory stop.

B. Motion for Summary Judgment

Because defendants' motion was supported with matters outside the pleadings, the court elected to convert it to a summary judgment motion. FED. R. CIV. P. 12(d), 56(c). A moving party's initial burden on a motion for summary judgment includes "identifying the portions of the 'pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a material fact." *Deweese*, 633 F.3d at 428 (quoting *Celotex*, 477 U.S. at 323). Defendant Ungrey has failed in his initial burden. His motion is not supported by his affidavit or any other admissible evidence establishing the objective reasonableness of the force he used in connection with the investigatory stop. Arguments appearing in a party's brief are not evidence. *Duha v. Agrium, Inc.*, 448 F.3d 867, 879 (6th Cir. 2006).

Defense counsel's brief is full of factual assertions unsupported by any admissible evidence, again an invitation to error.

The only admissible evidence that defendant Ungrey has presented in support of a judgment on this claim consists of records from the state court showing that plaintiff was adjudicated liable, by default, on the traffic citations written by Ungrey that day. This evidence certainly negates any claim arising from the stop itself or the decision to charge plaintiff. It says nothing, however, about the reasonableness of the search. To the contrary, an encounter with a citizen for minor equipment infractions would rarely call for a forceful response by an officer. So, to the extent that the nature of plaintiff's "crime" bears on the reasonableness of the force used, *see Slusher*, 540 F.3d at 455, this factor weighs against the officer. Unless an officer is routinely justified in squeezing a motorist's testicles for every traffic infraction, defendant's presentation does nothing to entitle him to summary judgment.

      C.     Qualified Immunity

Defendant Ungrey also asserts the defense of qualified immunity. The first prong of qualified immunity analysis is whether the plaintiff has alleged facts showing that the defendant's conduct violated a constitutional or statutory right. *See Saucier v. Katz*, 533 U.S. 194, 201 (2001). The second prong is whether the right was "clearly established at the time of the defendant's alleged misconduct." *Id.* Trial courts are permitted to exercise their sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first. *See Pearson v. Callahan*, 129 S. Ct. 808, 818 (2009).

"When the qualified immunity defense is raised at the pleading stage, the court must determine only whether the complaint adequately alleges the commission of acts that violated clearly established law." *Rondigo*, 641 F.3d at 681. With regard to the first prong, as detailed above, I find that plaintiff, at this stage, has alleged sufficient evidence showing that his Fourth Amendment rights have been abridged. The remaining pleading-stage inquiry in the qualified immunity analysis is whether plaintiff has alleged a violation of clearly established law. *O'Malley v. City of Flint*, No. 09-2037, ___ F.3d ___, 2011 WL 3055227, at * 2 (6th Cir. July 26, 2011). In *Brosseau v. Haugen*, 543 U.S. 194 (2004), the Supreme Court examined the underlying purpose of the requirement that the law be clearly established:

> Qualified immunity shields an officer from suit when she makes a decision that, even if constitutionally deficient, misapprehends the law governing the circumstances she confronted. . . . Because the focus is on whether the officer had fair notice that her conduct was unlawful, reasonableness is judged against the backdrop of the law at the time of the conduct. If the law at the time did not clearly establish that the officer's conduct would violate the Constitution, the officer should not be subject to liability or, indeed, even the burdens of litigation.

543 U.S. at 198. The Supreme Court and the Sixth Circuit have emphasized that the second inquiry "'must be undertaken in light of the specific context of the case, not as a broad general proposition.'" *Brosseau v. Haugen*, 543 U.S. at 198 (quoting *Saucier*, 533 U.S. at 201). "'[T]he right the official is alleged to have violated must have been 'clearly established' in a more particularized, and hence more relevant sense.'" *Lyons v. City of Xenia*, 417 F.3d 565, 572 (6th Cir. 2005) (quoting *Brosseau*, 543 U.S. at 199); s*ee Perez v. Oakland County*, 466 F.3d 416, 428 (6th Cir. 2006) ("Because most legal rights are clearly established at some level of generality, immunity would be impossible to obtain if a plaintiff were required only to cite an abstract legal principle that an official had 'clearly violated.'"). "The contours of the right must be sufficiently clear that a reasonable official would

understand that what he is doing violates that right." *Anderson v. Creighton*, 483 U.S. 635, 640 (1987). "Thus, '[t]he relevant, dispositive inquiry . . . is whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted.'" *Comstock v. McCrary*, 273 F.3d 693, 702 (6th Cir. 2001) (quoting *Saucier*, 533 U.S. at 201). Although it is not always necessary to find a case where identical conduct had previously been determined to be unconstitutional, in light of preexisting law, the unlawfulness must be apparent. *See Wilson v. Layne*, 526 U.S. 603, 615 (1999).

The facts alleged in plaintiff's complaint, if believed, establish violations of clearly established law. An officer's use of excessive force is clearly a violation of federally guaranteed rights. *See Phelps v. Coy*, 286 F.3d 295, 301 (6th Cir. 2002); *accord Lustig v. Mondeau*, 211 F. App'x 364, 371 (6th Cir. 2006). Defendant himself cites a Ninth Circuit case that clearly condemns the unnecessary squeezing of a suspect's testicles in connection with a search. *Price v. Kramer*, 200 F.3d 1237 (9th Cir. 2000). Defendant makes a weak attempt to distinguish this case by pointing out that the suspects in *Price* suffered "extreme pain," while plaintiff here makes no such allegation. (Brief, docket # 22, at ID# 90). The attempted distinction is legally irrelevant. The Sixth Circuit has long held that the gratuitous infliction of pain in connection with a search or seizure is constitutionally prohibited, without the necessary for permanent injury. *See, e.g., McDowell v. Rogers*, 863 F.2d 1302, 1307 (6th Cir. 1988).

Defendant Ungrey restricted his qualified immunity arguments to challenging the adequacy of plaintiff's pleading addressed above. He did not and could not argue that the evidence regarding the force he applied is so one-sided that there is no genuine issue of fact for trial. There is no evidence before the court regarding the amount of force he applied. If defendant had come

forward with some admissible evidence supporting the assertions that the force applied was reasonable, plaintiff's one-paragraph response (docket # 25) would have been patently deficient to satisfy his evidentiary burden. *See Aldini v. Johnson*, 609 F.3d 858, 863 (6th Cir. 2010). Where, as here, a qualified immunity defense is raised in a motion for summary judgment, "the district court's factual analysis must comply with Rule 56." *Bomar v. City of Pontiac*, 643 F.3d 458, 463 (6th Cir. 2011). I find that defendant Ungrey has not carried his initial burden, *see Celotex*, 477 U.S. at 323, and *Deweese*, 633 F.3d at 428, and that defendant is not entitled to summary judgment on plaintiff's excessive force claim.

### 2. Defendant City of Grand Rapids

Plaintiff includes the City of Grand Rapids as a defendant in his claim, but notably fails to include any allegation against the City, nor does he suggest any link between the City and defendant Ungrey's actions. Even liberally read, the only plausible interpretation is that Grand Rapids bears responsibility for Officer Ungrey's actions as his employer.

In *Monell v. Dep't of Social Services*, 436 U.S. 658, 691 (1978), the Supreme Court held that municipalities may not be held liable on a *respondeat superior* theory. 436 U.S. at 691. Liability may only be found against a municipality when its employees have acted pursuant to an official policy or custom. *Id.* at 694-95; *see Graham ex rel. Graham v. County of Washtenaw*, 358 F.3d 377, 383 (6th Cir. 2004). "Locating a 'policy' ensures that a municipality is held liable only for those deprivations resulting from the decisions of its duly constituted legislative body or those officials whose acts may fairly be said to be those of the municipality. Similarly, an act performed pursuant to a 'custom' that has not been formally approved by an appropriate decisionmaker may

fairly subject a municipality to liability on the theory that the relevant practice is so widespread as to have the force of law." *Bd. of County Comm'rs of Bryan County, Okla. v. Brown*, 520 U.S. 397, 403-04 (1997) (citations omitted). "[I]t is not enough for a § 1983 plaintiff to merely identify conduct properly attributable to the municipality. The plaintiff must also demonstrate that, through its *deliberate* conduct, the municipality was the 'moving force' behind the injury alleged. That is, a plaintiff must show that the municipal action was taken with the requisite degree of culpability and must demonstrate a direct causal link between the municipal action and the deprivation of federal rights." (*Id.* at 404). "There must be a direct causal link between the policy and the alleged constitutional violation such that the [City's] 'deliberate conduct' can be deemed the 'moving force' behind the violation. These stringent standards are necessary to avoid *de facto respondeat superior* liability explicitly prohibited by *Monell*." *Graham*, 358 F.3d at 383 (citations omitted). "A plaintiff asserting a § 1983 claim on the basis of a municipal custom or policy must 'identify the policy, connect the policy to the [city] itself and show that the particular injury was incurred because of execution of that policy." *Id*.

By any measure, offering no mention of the supposedly offending municipal body in the course of a complaint fails to satisfy the applicable standard. Plaintiff offers no direct causal link between defendant Ungrey's actions and Grand Rapids, and it is therefore appropriate to dismiss his claim against this defendant. *Id*.

**Recommended Disposition**

I conclude that plaintiff has stated a viable Fourth Amendment claim against Officer Ungrey for the use of excessive force in connection with an investigatory stop. Defendant is not

entitled to a judgment on the pleadings on this claim, nor is he entitled to summary judgment. Ungrey is not entitled to the protection of qualified immunity on the excessive force claim at this stage of the case, as the allegations of plaintiff's complaint clearly show a Fourth Amendment violation of which a reasonable officer should have been aware. The allegations against the City of Grand Rapids, by contrast, fail to allege a claim for municipal liability.

I therefore recommend that defendants' motion for judgment on the pleadings (docket # 21), converted to a motion for summary judgment (docket # 24), be granted in part and denied in part. The motion of the City of Grand Rapids should be granted and judgment entered in its favor on all plaintiff's claims against it. The motion of defendant Ungrey should be granted as to all claims, except plaintiff's Fourth Amendment claim for the excessive use of force.

Dated:   August 8, 2011                         /s/  Joseph G. Scoville
                                                United States Magistrate Judge

### NOTICE TO PARTIES

Any objections to this Report and Recommendation must be filed and served within ten days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. MICH. LCIVR 72.3(b). Failure to file timely objections may constitute a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *McClanahan v. Commissioner*, 474 F.3d 830, 837 (6th Cir. 2006); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596 (6th Cir. 2006); *Spencer v. Bouchard*, 449 F.3d 721, 724-25 (6th Cir. 2006); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).