UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


TYROSH BROWN,

        Plaintiff,

v.                                 File No.  1:10-CV-732

CITY OF GRAND RAPIDS, et al.,      HON. ROBERT HOLMES BELL

        Defendants.
                                      /

# **O P I N I O N**

On August 8, 2011, United States Magistrate Judge Joseph G. Scoville issued a report and recommendation ("R&R") recommending that Defendants' motion for judgment on the pleadings (Dkt. No. 21), which the Court converted into a motion for summary judgment (Dkt. No. 24), be granted in part and denied in part. (Dkt. No. 27, R&R.) The R&R recommended that the motion of the City of Grand Rapids be granted, and that judgment be entered in its favor on all of Plaintiff's claims against it. The R&R further recommended that the motion of Defendant Ungrey be granted as to all claims except Plaintiff's Fourth Amendment claim for the excessive use of force. Objections have been filed by Defendant Matthew Ungrey and by Plaintiff Tyrosh Brown.

## I.

This Court is required to make a *de novo* determination of those portions of the R&R to which specific objection has been made, and may accept, reject, or modify any or all of

the Magistrate Judge's findings or recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). "[A] general objection to a magistrate's report, which fails to specify the issues of contention, does not satisfy the requirement that an objection be filed. The objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious." *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995).

## II.

Defendant Ungrey objects to the recommendation that Plaintiff's excessive force claims survive Defendants' motion. First, Defendant objects to the R&R's failure to separately consider the two potential excessive force claims in Plaintiff's complaint: (1) the force used to remove Plaintiff from the vehicle; and (2) the force used to conduct the pat-down.

Where an excessive force case involves several uses of force, courts should generally analyze the claims in segments. *Livermore ex rel Rohm v. Lubelan* 476 F.3d 397, 406 (6th Cir. 2007) (citing *Gaddis v. Redford Twp.*, 364 F.3d 763, 772 (6th Cir.2004); *Dickerson v. McClellan*, 101 F.3d 1151, 1161 (6th Cir. 1996)). Here, Plaintiff's complaint can be read to state a claim of force used in removing him from the car, and a separate claim of force used during the pat-down. In denying Defendant's motion for judgment on the Plaintiff's excessive force claim, the R&R focused solely on Plaintiff's allegations concerning the force used during the pat-down. (R&R 10.) The R&R does not analyze the reasonableness of the force used to remove Plaintiff from the car.

Plaintiff alleged in his complaint that Defendant Ungrey "snatched the plaintiff out of the car violently, gripped and pulled his pants almost up pass his stomach hurting the plaintiff groin and pushing him towards the police cruiser." (Compl. ¶ 4.) However, Plaintiff acknowledges that this did not occur until after Plaintiff failed to produce his registration and proof of insurance, refused to answer the officer's questions, and ignored the officer's repeated commands to exit his vehicle. (Compl. ¶ 3.)

"It is well-recognized that 'the right to make an arrest or investigatory stop necessarily carries with it the right to use some degree of physical coercion or threat thereof to effect it.'" *Dorsey v. Barber*, 517 F.3d 389, 399 (6th Cir. 2008) (quoting *Graham v. Connor*, 490 U.S. 386, 396 (1989)). Here, Plaintiff's own pleadings demonstrate that Defendant Ungrey's use of force escalated in level from a command, to a warning, to a hands-on use of force in response to Plaintiff's self-described lack of cooperation. The force allegedly used in pulling Plaintiff from his car was minimal, and was reasonably perceived to be necessary to remove Plaintiff from the car. Plaintiff has not stated a Fourth Amendment excessive force claim with respect to his removal from the car.

Defendant Ungrey's second objection is to the R&R's conclusion that Plaintiff adequately stated a claim for excessive force during the pat-down. There is no dispute that Plaintiff's allegations are themselves sufficient to demonstrate that Defendant Ungrey's pat-down search was supported by reasonable suspicion as required by *Terry v. Ohio*, 392 U.S. 1 (1968). There is also no dispute that a pat-down search is, by necessity, "a serious intrusion

upon the sanctity of the person which may inflict great indignity and arouse strong resentment." *Id.* at 17.[1]  According to Defendant, Plaintiff's allegations that Defendant Ungrey conducted the pat-down "with anger and aggression," that he squeezed Plaintiff's testicles and chopped his buttocks "extremely hard and violently," and raped and sexually assaulted him, are conclusory allegations that are not entitled to the presumption of truth under *Ashcroft v. Iqbal*, — U.S. —, 129 S. Ct. 1937, 1951-52 (2009).  Defendant contends that the manner of the pat-down, stripped of Plaintiff's conclusory interjections, conforms to the legitimately intimate and probing searches described in *Terry.*  In addition, Defendant relies on *United States v. Thomas*, 512 F.3d 383, 388 (7th Cir. 2008), and *Bowie v. City of Livonia*, No. 05-2007 WL 2050415-74411, 2007 WL 2050415, at *4 (E.D. Mich. July 17, 2007), in support of his contention that Plaintiff's complaint fails to allege facts that support a plausible claim of excessive force.

Although pat-down searches are necessarily intrusive, that does not insulate an officer from claims that the pat-down search was conducted with excessive force.  The Sixth Circuit has long held that the gratuitous infliction of pain during a search is constitutionally prohibited, even where there is no permanent injury, *McDowell v. Rogers*, 863 F.2d 1302, 1307 (6th Cir. 1988).  Plaintiff in this case has not only alleged that the officer conducted that pat-down in an extremely violent and sexual manner, but that as he did so, he asked Plaintiff,

---

[1] As noted in *Terry*, during a pat-down search an officer "must feel with sensitive fingers every portion of the prisoner's body.  A thorough search must be made of . . . the groin and area about the testicles . . . ." 392 U.S. at 17 n.13.

"Don't you like that?" (Compl. ¶ 4.)

Both *Thomas* and *Bowie,* on which Defendant relies, are distinguishable. In *Thomas*, the defendant's testimony that the pat-down search of his anus was like a body cavity search was rejected on credibility grounds. 512 F.3d 388. This Court cannot make credibility determinations on a motion to dismiss. *Iqbal*, 129 S. Ct. at 1949. In *Bowie*, the court granted summary judgment on the plaintiff's excessive force claim because the plaintiff's allegations that the officer patted him down in an "excessively rough, intrusive, and hostile manner," including "a thorough search in and around Plaintiff's groin area," were conclusory and unsupported by factual evidence. Notably, the *Bowie* court was influenced by the absence of any evidence that the officer's actions were gratuitous or otherwise did not comport with a legitimate investigatory frisk. *Id*. In contrast to *Bowie*, Plaintiff's allegations are sufficient to suggest that the pat-down was conducted with gratuitous force and did not comport with a legitimate investigatory frisk. Plaintiff's allegations of excessive force during the pat-down search are sufficient to survive Defendant's motion to dismiss.

Defendant's third objection to the R&R is that it improperly shifted the burden of producing evidence onto Defendant, contrary to Rule 56 of the Federal Rules of Civil Procedure. The Court converted Defendant's 12(c) motion for judgment on the pleadings into a Rule 56 motion for summary judgment so that Plaintiff, who was proceeding pro se, would have a reasonable opportunity to respond to the public records attached to Defendants' motion. (Dkt. No. 24, Order.)

The R&R did not improperly shift the burden of producing evidence to Defendant. In determining whether summary judgment is appropriate, the Court must consider "whether the evidence presents sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Moses v. Providence Hosp. and Medical Centers, Inc.*, 561 F.3d 573, 578 (6th Cir. 2009) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986)).  Defendants did not present the Court with any evidence regarding the force applied during the pat-down search.  In the absence of any evidence of record regarding the force used, the Court cannot determine whether Defendant is entitled to judgment as a matter of law on the excessive force claim.  The Court does not fault Defendant for not producing evidence.  The Court simply recognizes that Defendant's challenge was based on the pleadings, and that summary judgment is not available because there is no evidence establishing the objective reasonableness of the pat-down search.

### III.

Plaintiff Brown objects to the recommendation that the claims against the City of Grand Rapids be dismissed for failure to state a claim.  Plaintiff contends that the actions of Defendant Ungrey cannot be disassociated from the City that hired him and was responsible for his training and supervision.  The Court agrees with the R&R's recommendation that summary judgment be entered in favor of the City.  Plaintiff has not alleged any conduct on the part of the City that would establish the requisite causal link between a City policy or custom and the alleged constitutional violation. *See Graham v. County of Washtenaw*, 358 F.3d 377, 383 (6th Cir. 2004).

## IV.

For the reasons stated, the Court will adopt the R&R with the clarification that Defendant Ungrey will be granted summary judgment with respect to Plaintiff's excessive force claim regarding the force used to remove him from his vehicle. An order consistent with this opinion will be entered.


Dated: September 8, 2011                             /s/ Robert Holmes Bell
                                                     ROBERT HOLMES BELL
                                                     UNITED STATES DISTRICT JUDGE